U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 0 4 2006

ROBERT H. CROMWELL, CLERK
BY _____
       DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **Lodence Alfred Turnbull** | DOCKET NO. 1:05 CV 1818 |
| | SECTION P |
| VS. | JUDGE Little, Jr. |
| United States of America | MAGISTRATE JUDGE KIRK |

## Report and Recommendation

Before the Court is Bivens[1] complaint filed by pro se plaintiff **Lodence Alfred Turnbull** ("Plaintiff"). The Plaintiff is currently incarcerated at United States Penitentiary Pollock in Pollock, Louisiana. The plaintiff lists the United States of America as the defendant.

## Statement of the Case

Plaintiff alleges that on December 3, 2002, he suffered the loss of personal legal material when his property was seized and he was transferred to the special housing unit. Thus, plaintiff

---

[1] Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed. 2d 619, (1971). Bivens affords a victim of unconstitutional conduct by a federal actor or agent a direct remedy under the Constitution. The Bivens decision has been interpreted by courts as the counterpart to § 1983 and extends the protections afforded under § 1983 to parties injured by federal actors. See, Evans v. Ball, 168 F.3d 856, 863 n. 10 (5th Cir. 1999)(A Bivens action is analogous to an action under § 1983-the only difference being that § 1983 applies to constitutional violations by state, rather than federal officers.)(citing Abate v. Southern Pacific Transp. Co., 993 F.2d 107, 110 n. 14 (5th Cir. 1993)). Plaintiff seeks redress for violations of his constitutional rights by employees of a federal penitentiary, not state actors, his claim is properly brought pursuant to Bivens, and not 42 U.S.C. § 1983.

asserts he was denied access to the court and has filed a Federal Tort Claims Action (FTCA) and this Biven's action. Plaintiff was asked to amend his original complaint.

## Frivolity Review

Because Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, because Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a governmental entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandates dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); See also, Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). In performing this screening function, however, a court must take into account it's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*).

A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Smith v. Winter, 782 F.2d 508, 511-12 (5th Cir. 1986). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996).

## Exhaustion

Here, Plaintiff has failed to demonstrate that he has exhausted administrative remedies with respect to the claim asserted herein. The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e(a) makes the exhaustion requirement mandatory in prison conditions cases providing as follows:

> (a) Applicability of Administrative Remedies--No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted.

The United States Supreme Court held that "the PLRA's [Prison Litigation and Reform Act] exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Tussle, 534 U.S. 516, 525, 122 S.C. 983, 992, 152 LED.2d 12, (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *See* Booth v. Churner, 532 U.S. 731, 739, 121 S.C. 1819, 1827, 149 LED.2d 958 (2001)."Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter, 534 U.S. at 525. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. Booth, 532 U.S. at 737. In other instances, the internal review might "filter out some frivolous claims." Id. When a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, the prisoner's complaint should be dismissed without prejudice, thereby allowing the refiling after exhausting all his administrative remedies. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998).

Plaintiff in his original and amended complaint has failed to show proof that he has exhausted available administrative remedies pursuant to his Bivens action. Plaintiff has failed to provide copies of these grievances and the responses he received for each level to the this Court. Plaintiff was asked in the memorandom order to provide these copies and failed to do so. In sum, Plaintiff has not provided evidence of exhaustion of administrative remedies.

### **Federal Tort Claims Act Analysis**

To the extent that plaintiff's claims may fall within the Federal Tort Claims Act (FTCA), such claims would likewise fail. Specifically, the FTCA is a limited waiver of the sovereign immunity of the United States. *McNeily v. United States,* 6 F.3d 343, 347 (5th Cir. 1987); *Williamson v. U.S. Department of Agriculture,* 815 F.2d 368, 373 (5th Cir. 1987). It is the exclusive remedy for claims sounding in common law tort against the United States, its agencies, and its employees acting within the scope of their employment. 28 U.S.C. § 2679; *F.D.I.C. v. Meyer,* 114 S.Ct. 996 (1994). The FTCA provides that the United States can be liable in tort for any negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. §1346(b).

However, the FTCA contains exceptions to the waiver of sovereign immunity which must be strictly construed in favor of the United States. *McMahon v. United States*, 72 S.Ct. 17, 19 (1951); *Jeanmarie v. United States*, 242 F.3d 600, 605 (5th Cir. 2001); *Atorie Air v. F.A.A.*, 942 F.2d 954, 958 (5th Cir. 1991); 28 U.S.C. §1346. One exception found at 28 U.S.C. § 2680(c) concerns damage claims resulting from the detention of goods. This section states:

### § 2680 Exceptions

The provisions of this chapter and section 1346(b) of this title shall not apply to–
(C) Any claim arising on respect of...the detention of any goods, merchandise, or other property by any...law enforcement officer....

The Fifth Circuit has held that § 2680(c) is applicable to all claims arising from the detention of goods and merchandise by any federal law enforcement officer in the performance of his or her lawful duties. *Halverson v. United States*, 972 F.2d 654, 655 (5th Cir. 1992), *cert. Denied,* 113 S.Ct. 1297 (1993); *Chapa v. United States Department of Justice*, 339 F.3d 388 (5th Cir. 2003). Further, the Supreme Court has concluded that the exception applies to the negligent loss or destruction of the property while it is in the possession of law enforcement officers. The language "arising in respect of" is synonymous with "arising out of" and "sweep[s] within the exception all injuries associated in any way with the 'detention' of goods." *Kosak v. United States*, 104 S.Ct. 1519 (1984). Accordingly, to

the extent that plaintiff's claims fall within the scope of the FTCA, the exception contained in section 2680(c) would be applicable, thereby rendering the claims not actionable under the FTCA.

**BASED UPON THE FOREGOING,**

**IT IS RECOMMENDED** that plaintiff's Bivens claims be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

In addition, **IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** as same is barred by the § 2680(c) exception of the FTCA.

### OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calendar days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by**

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED**, in Chambers, at Alexandria, Louisiana, this 3rd day of April, 2006.

James D. Kirk
UNITED STATES MAGISTRATE JUDGE