# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **LUDENCE TURNBULL** | **CIVIL ACTION NO. 05-1818** |
| -vs- | |
| **UNITED STATES OF AMERICA** | **JUDGE LITTLE** |

## JUDGMENT

Before the court is a report and recommendation of the magistrate suggesting that the complaint filed by *pro se* plaintiff Ludence Turnbull ("Turnbull") be dismissed without prejudice for failure to exhaust administrative remedies. The magistrate also recommends that the complaint be dismissed with prejudice as barred by the exception to the Federal Tort Claims Act contained in 28 U.S.C. § 2680(c). Turnbull has filed a timely objection to the magistrate's report.[1] After full record review, this court declines to adopts the conclusions of the magistrate for the following reasons.

With respect to exhaustion of administrative remedies, the magistrate's report does not address exactly which procedures Turnbull has failed to exhaust. Turnbull, on the other hand, argues that he has tried to exhaust all available procedures and that the response he received from the Bureau of Prisons stating that his "claim has been considered for

---

[1] This court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate. See 28 U.S.C. § 636(b)(1); LR 74.1W(B); United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). The district court is not, however, required to reiterate the findings and conclusions of the magistrate if found to be correct. See Warren v. Miles, 230 F.3d 688, 694-95 (5th Cir. 2000).

administrative settlement" demonstrates that he has sufficiently done so. The government provides no evidence that there was an administrative procedure available to Turnbull that he failed to exhaust. As such, this court declines to dismiss the complaint for failure to exhaust administrative remedies.

Second, there is an exception to the Federal Tort Claims Act which states that the sovereign immunity of the United States is not waived with respect to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property." 28 U.S.C. § 2680(c). As such, were these normal goods with no legal significance, the court would lack subject matter jurisdiction over this case.

Turnbull also raises a claim for loss of access to the courts. This claim does not contain a basis for relief in statute or caselaw. While the intention to pursue this claim is clear from the amended complaint, to avoid dismissal the plaintiff must now amend the complaint again to articulate clearly this theory of recovery and its underlying legal basis.

The plaintiff is ORDERED to amend the complaint within forty-five (45) days to state a claim for relief.

Alexandria, Louisiana

12 May 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE