
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
AUG 28 2006
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| Lodence Alfred Turnbull | DOCKET NO. 1:05 CV 1818 |
| | SECTION P |
| VS. | JUDGE Dee Drell |
| United States of America | MAGISTRATE JUDGE KIRK |

### Report and Recommendation

Before the Court is Bivens[1] complaint filed by pro se plaintiff **Lodence Alfred Turnbull** ("Plaintiff"). The Plaintiff is currently incarcerated at United States Penitentiary Pollock in Pollock, Louisiana. The plaintiff lists the United States of America as the defendant.

### Statement of the Case

Plaintiff alleges that on December 3, 2002, he suffered the loss of personal legal material when his property was seized and he was transferred to the special housing unit. Plaintiff

---

[1] Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed. 2d 619, (1971). Bivens affords a victim of unconstitutional conduct by a federal actor or agent a direct remedy under the Constitution. The Bivens decision has been interpreted by courts as the counterpart to § 1983 and extends the protections afforded under § 1983 to parties injured by federal actors. See, Evans v. Ball, 168 F.3d 856, 863 n. 10 (5th Cir. 1999)(A Bivens action is analogous to an action under § 1983-the only difference being that § 1983 applies to constitutional violations by state, rather than federal officers.)(citing Abate v. Southern Pacific Transp. Co., 993 F.2d 107, 110 n. 14 (5th Cir. 1993)). Plaintiff seeks redress for violations of his constitutional rights by employees of a federal penitentiary, not state actors, his claim is properly brought pursuant to Bivens, and not 42 U.S.C. § 1983.

asserts that as a result of this he was denied access to the courts. Plaintiff was asked to amend his original complaint. A report and recommendation to dismiss was sent to Judge Little who remanded the case back to the magistrate for further review. Judge Little ordered the plaintiff to amend one last time and in order to avoid dismissal he must articulate clearly his theory of recovery and its underlying legal basis.

After reviewing all of the complaints, objections, and orders of the court, it is apparent that the plaintiff has filed his access to courts claim under the Federal Tort Claims Act (FTCA). Therefore, plaintiff will be given credit for exhausting his administrative remedies.

### Frivolity Review

Because Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, because Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a governmental entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandates dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(B)(i)-(iii);

1915A(b)(1)-(2); See also, Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). In performing this screening function, however, a court must take into account it's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*).

A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Smith v. Winter, 782 F.2d 508, 511-12 (5th Cir. 1986). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996).

## Access to Courts Claim

To state a claim for denial of access to the courts, the plaintiff must set forth facts showing that he was denied access **and** that he sustained an "actual injury." Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 606 (1996). The Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). In order to prove actual injury, the plaintiff must demonstrate "that his position as a litigant was prejudiced" by the denial of access to the courts. Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). If a litigant's position is **not prejudiced** by the claimed violation, his claim of denial of access to the courts is not valid. Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir.), cert. denied, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992).

In the instant case, Plaintiff states in his second amended complaint that he acknowledged the trial transcript was missing on December 17, 2002. However, he did not file an extension of time until June 30, 2003 which was a month after the one year statute of limitation which applies to a 2255 motion. [Doc. 10. Pg. 3] Plaintiff also signed a receipt of the property on July 13, 2003 without noting any discrepancies to the inventory. [Doc.

5. Pg. 12] Furthermore, plaintiff has failed to point out any specific individual who have violated his access to the courts.

Plaintiff has failed to demonstrate the standing requirement of an "actual injury,". Despite several opportunities to prove his case, he failed to allege any actual injury or prejudice.. Plaintiffs claim that not having his trial transcript intact untimately hindered his efforts to pursue his legal claim under a section 2255 motion does not amount to an actual injury or prejudice, and does not state a claim for an access to courts violation. As such, this claim is frivolous and should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i).

**Based upon the foregoing,**

**IT IS RECOMMENDED** that Plaintiff's claim that he was denied meaningful access to the courts **be dismissed with prejudice as frivolous** pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i).

### OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have ten (10) calendar days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time

shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.[2] THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _28th_ day of _August_ _, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[2]See _Douglass v. United Services Automobile Association_, 79 F.3d 1415 (5th Cir. 1996).